IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02384-OES

RUSSELL EVAN MURRAY,

    Plaintiff,

v.

STATE ATTORNEY, COLO, 1525 Sherman, Denver, Colorado 80201,

    Defendant.

FILED
UNITED STATES DISTRICT COURT
COLORADO

JAN 11 2006

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff Russell Evan Murray has submitted to the Court *pro se* a complaint. Mr. Murray has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915 (Supp. 2005). He asks for declaratory relief and for the state of Colorado to pay the $250.00 filing fee.

The Court must construe the complaint liberally because Mr. Murray is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Murray will be ordered to file an amended complaint.

The Court has reviewed the complaint and finds that it is deficient because it fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. A complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the

claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). "[T]he only permissible pleading is a short and plain statement of the claim showing that the pleader is entitled to relief on any legally sustainable grounds." *Blazer v. Black*, 196 F.2d 139, 144 (10th Cir. 1952). The requirements of Rule 8(a) guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Murray fails to set forth a short and plain statement of his claims showing that he is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). He appears to contend that he was convicted on charges of stalking a former professor at Metropolitan State College in Denver, and that he currently is on parole. It is not clear to the court why Mr. Murray is suing the state attorney general regarding his parole. Other than the basic allegations concerning his conviction and parole, the complaint is vague and substantially unintelligible. Mr. Murray actually appears to be attacking his conviction, something he already is doing in a separate case he also has initiated. *See Murray v. State Attorney*, No. 05-cv-02669-OES (D. Colo. filed Dec. 30, 2005).

2

Mr. Murray apparently expects the Court to sift through his allegations to determine the basis for his claims. That is not the Court's job. It is Mr. Murray's responsibility to edit and organize his claims and supporting allegations into a manageable format. Neither the defendants nor the Court is required to do this work for him.

Mr. Murray also appears to lack standing to seek declaratory relief. A claim for declaratory or injunctive relief is moot unless the controversy continues to touch the legal relations of the parties with adverse legal interests in the outcome of the action. *Cox v. Phelps Dodge Corp.*, 43 F.3d 1345, 1348 (10th Cir. 1994); *see also Facio v. Jones*, 929 F.2d 541, 544 (10th Cir. 1991) (a plaintiff seeking declaratory and injunctive relief must demonstrate a good chance of likewise being injured in the future). Mr. Murray seeks a declaration that his constitutional rights have been violated. In the context of declaratory relief, the necessary "legal interest must be more than simply the satisfaction of a declaration that a person was wronged." *Cox*, 43 F.3d at 1348. Mr. Murray does not seek declaratory relief to avoid similarly being injured in the future and the requested relief does not continue to touch the legal relations of the parties.

Mr. Murray's complaint is deficient and subject to dismissal. Although the complaint must be construed liberally, the Court should not assume the role of advocate for the *pro se* litigant. *See Hall*, 935 F.2d at 1110. A complaint must specify, simply and concisely, the specific claims for relief the plaintiff is asserting.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th

Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the complaint does not meet the requirements of Fed. R. Civ. P. 8(a) and that Mr. Murray should be given an opportunity to file an amended complaint that clarifies the claims for relief he is asserting. The amended complaint must stand on its own and not refer to or incorporate by reference the original complaint. Each claim must be supported with specific factual allegations that demonstrate how the particular defendant or defendants violated Mr. Murray's rights. He will be directed to submit an amended complaint below. Accordingly, it is

ORDERED that Mr. Murray file **within thirty (30) days from the date of this order**, an original and a copy of an amended complaint that clarifies the claims for relief he is asserting. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Complaint" and shall be filed with the clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Murray, together with a copy of this order, two copies of the following form to be used to submit the amended complaint: Complaint. It is

FURTHER ORDERED that Mr. Murray submit sufficient copies of the amended complaint to serve each named defendant. It is

FURTHER ORDERED that, if Mr. Murray fails to file, **within thirty (30) days from the date of this order**, an original and sufficient copies of an amended complaint

4

that complies with this order to the Court's satisfaction, the complaint and the action will be dismissed without further notice.

DATED at Denver, Colorado, this 11th day of January, 2006.

BY THE COURT:

_____
BOYD N. BOLAND
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-02384-OES

Russell E. Murray
2185 Dover St.
Lakewood, CO 80215-1765

I hereby certify that I have mailed a copy of the **ORDER and two copies of Complaint form** to the above-named individuals on 1/11/06

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk